**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Reginald Antonio Twitty | ) | |
| | ) | |
| vs. | ) | CR No. 2:21-cv-03078-TMC |
| | ) | |
| Captain, Anderson City Jail, | ) | **ORDER** |
| | ) | |
| Respondent | ) | |

Petitioner Antonio Reginald Twitty ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. After the magistrate judge issued a Proper Form Order on October 22, 2021, Petitioner filed a second document titled a "Motion for Writ of Habeas Corpus." (ECF No. 8). Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Petition be dismissed without prejudice and without requiring Respondent to file an answer.[2] (ECF No. 15). Petitioner filed objections to the Report. (ECF No. 18).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

---

[1] At the time he filed his Petition, Petitioner was a pretrial detainee. However, Petitioner pled guilty to various charges on April 13, 2022, and is now in custody while he awaits sentencing. *See United States v. Twitty et al.*, 6:19-cr-898-TMC-001, dkt. entry 422 (D.S.C. Apr. 13, 2022).

[2] The magistrate judge noted that Petitioner's "motion" at docket entry 8 is "largely duplicative of the initial petition" and, as such, her recommendations in the Report applied to both filings.

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also

be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

In his Petition, Petitioner claims that he is being unlawfully detained and that his arrest was the result of violations of the Fourth Amendment and "Title III."[3] (ECF No. 1). Petitioner set forth why he believed his arrest and, by extension, his detention, violated those provisions. *See id.* In her Report, the magistrate judge determined that Petitioner's habeas action was "premature, and his claims should be presented through counseled motions in his pending criminal proceeding." (ECF No. 15 at 4) (citations omitted). On that basis, the magistrate judge recommended this court dismiss the petition without prejudice. *Id.*

In his objections, Petitioner argued that his habeas proceeding was not premature because he was challenging his detention while the cases the magistrate judge cited in her Report dealt with issues regarding bail or the indictment itself. (ECF No. 18 at 3). Additionally, Petitioner argued that there were no alternate remedies to seek relief for his Constitutional claims and noted that his most recently filed motions to suppress had been dismissed as moot. *Id.*

However, as noted above, since the filing of the Petition in this civil habeas case, Petitioner has pled guilty to several charges in his criminal case, *United States v. Twitty et al.,* 6:19-cr-898-TMC-002, dkt. entry 422 (D.S.C. Apr. 13, 2022). While Petitioner is correct that his motions

---

[3] Presumably, Petitioner is referring to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (colloquially known as the "Wiretap Act"), which is codified in 18 U.S.C. §§2510 *et seq.*

previously filed at docket entries 275, 278, and 279 in his criminal case were dismissed as moot in a text order located at docket entry 319, this was because his counsel had been relieved. *See id.* at dkt. entry 316 at 9, n.5 (D.S.C. Nov. 29, 2021) (indicating that the motions filed by the relieved counsel were now moot but that new counsel could file whatever motions he deemed appropriate). Petitioner's new counsel thereafter filed several lengthy, detailed suppression motions which encompassed, among other claims, the issues Petitioner raised in the current habeas Petition. *See id.* at dkt. entries 350, 351, 352, 353, 354, 355 (D.S.C. Jan. 23, 2022). Thereafter, the court held a multi-day hearing on Petitioner's suppression motions, his codefendant's suppression motion, and several of Petitioner's ancillary motions, and the court took all matters under advisement. *Id.* at dkt. entries 392 (D.S.C. Mar. 28, 2022); 395 (D.S.C. Mar. 29, 2022). On April 11, 2022, the court issued a written order denying all of Petitioner's motions to suppress, including Petitioner's challenges regarding the Wiretap Act and the tracker placed on his vehicle. *Id.* at dkt. entry 411 (D.S.C. Apr. 11, 2022). Petitioner filed a motion for reconsideration regarding the court's ruling as to Petitioner's argument that the Government violated his Fourth Amendment rights by installing the tracker on his vehicle. *Id.* at dkt. entry 413 (D.S.C. Apr. 12, 2022). However, the court denied the motion for reconsideration. *Id.* at dkt. entry 414 (D.S.C. Apr. 14, 2022).

On April 14, 2022, Petitioner signed a written plea agreement with the Government which allowed him to plead guilty while preserving his right to appeal the court's order on his motions to suppress regarding the alleged Wiretap Act violations and the alleged Fourth Amendment Violations relating to the South Carolina tracking device. Id. at dkt. entry 419 (D.S.C. Apr. 13, 2022). That same day, Petitioner pled guilty to conspiracy with intent to distribute and to distribute marijuana, cocaine, heroin, and methamphetamine and to possession of a firearm in furtherance of

a drug trafficking crime. *See id*; *see also id.* at dkt. entry 425 (D.S.C. Apr. 13, 2022). Petitioner now awaits sentencing.

As an initial matter, the court notes that because Petitioner has admitted his guilt and entered a guilty plea, he is no longer in "pretrial" detention. Based on these convictions, Petitioner is subject to mandatory detention pursuant to 18 U.S.C. § 3143. Furthermore, as noted above, the court has specifically determined that Petitioner's allegations of violations of his Fourth Amendment rights due to the tracker on his car and violations of the Wiretap Act were without merit. *See id*. at dkt. entry 411 (D.S.C. Apr. 11, 2022). Notably, Petitioner's plea agreement specifically carves out the right to appeal as to several of the specific issues raised in Petitioner's suppression motions. *See id.* at dkt. entry 419 (D.S.C. Apr. 13, 2022).

After a careful and thorough review of the Report and record under the appropriate standards, as set forth above, the court adopts the Report to the extent it recommends dismissal of the Petition (ECF No. 15). While the Petition is no longer premature, the court has addressed Petitioner's essentially identical claims in his underlying criminal case and has found them to be without merit. As the court has found no Constitutional violation, Petitioner's argument here as to his "unlawful detention" must fail. Accordingly, the court **DISMISSES** Petitioner's § 2241 Petition (ECF Nos. 1, 8).[4] The Clerk shall mail a copy of this order to the Petitioner at his last known address.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any

---

[4] The magistrate judge recommended dismissal without prejudice because the claims were simply premature. However, as noted herein, the claims are no longer premature, and the court has dealt with the merits of the claims. Accordingly, the court finds dismissal with prejudice to be appropriate.

dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 11, 2022